Howard **PASTERNACK**

v.

The **UNITED STATES.**

No. 597–86C.

United States Claims Court.

July 24, 1987.

Howard Pasternack, pro se.

Paul J. Ehlenbach, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

Major Richard D. Hipple, Office of the Judge Advocate Gen., Dept. of Air Force, of counsel.

## OPINION

MARGOLIS, Judge.

Plaintiff Howard Pasternack brought suit to recover the expenses incurred for his daughter in connection with travel pursuant to the signing of a renewal agreement for civilian employment with the U.S. Air Force. Defendant moved for dismissal of the complaint for lack of jurisdiction or failure of the plaintiff to state a claim upon which relief can be granted, or for summary judgment. For the reasons stated in this opinion, the defendant's motion for summary judgment is granted.

## FACTS

Plaintiff is a civilian architect employed by the U.S. Air Force in Blenheim Crescent, Ruislip, Middlesex, England, about 15 miles northwest of London. To induce employees to renew their overseas assignments, the Department of Defense provides employees who agree to extend their assignments, and their dependents, with "renewal agreement travel" (RAT). Department of Defense Civilian Personnel Joint Travel Regulations (JTR), ¶ C7004. Under such RAT, the employee and dependents are provided with payment for certain travel costs between the overseas duty station and a destination in the United States and back to the overseas duty station. The JTR defines "dependent" in part as "children of the employee or employee's spouse who are unmarried and under 21 years of age." JTR Appendix D, Glossary of Terms.

Plaintiff signed such a renewal agreement on June 1, 1984, and on that date submitted a "Request for Travel Orders" to obtain authorization for RAT for himself and his dependents—his wife, son, and daughter. The form requests the names and birthdates of all dependents for whom travel authorization is requested. Plaintiff's daughter, Pia, was over 21 years old at the time this form was submitted, as

was clearly indicated on the form. On June 7, 1984 plaintiff was issued Travel Order Number AD–186, which authorized RAT for plaintiff and his three dependents; this order was signed both by the Chief, Employee Relations Section, and the Assistant Chief, Base Administration. The inclusion on this authorization of plaintiff's daughter was apparently due to an oversight which was first noticed after completion of the RAT.

Plaintiff and his family traveled from England through the Orient and Hawaii to the continental United States and back to England from July 24, 1984 to August 29, 1984. Plaintiff submitted a Travel Voucher on August 31, 1984 to obtain reimbursement for the expenses authorized by Travel Order AD–186.

On October 25, 1984 an amendment was issued to Travel Order AD–186 which deleted plaintiff's daughter Pia from the authorized travel because she was 21 years old at time of RAT and "therefore ineligible to be on orders." Plaintiff appealed this action, and requested through several administrative channels reimbursement for the expenses of his daughter's travel; the claim was finally denied by the Headquarters Air Force Accounting and Finance Center, Denver, Colorado on August 21, 1985. Plaintiff filed suit in this court on September 25, 1986.

Plaintiff requests payment of $2,041.09, the value on September 25, 1986 of the funds which plaintiff expended earlier in British Pounds for Pia's travel. In the alternative, plaintiff alleges that he at a minimum is due constructive payment of one-way travel for Pia, because the JTR allows such payment for return travel to the United States of a dependent who reaches age 21 while the employee is employed overseas.

## DISCUSSION

Plaintiff bases his claim on a theory of estoppel, stating that the officials who signed the Travel Order did so with authority and knowledge of the appropriate regulations and of Pia's age, and that plaintiff relied to his detriment on the signed Travel Order authorization in planning and incurring expenses for the RAT. Defendant asserts that to the extent that the claim is based on estoppel, it is not within this court's jurisdiction, and that in any event the regulations do not permit payment of RAT for a dependent over 21 years old.

### A. *Estoppel*

Promissory estoppel, a concept describing a promise which reasonably induces action or inaction and which is binding to the extent necessary to avoid injustice, is not within the jurisdiction of the Claims Court where used to *create* a cause of action. *See Schuhl v. United States*, 3 Cl.Ct. 207, 210–11 (1983). To the extent that plaintiff's claim could be founded upon *promissory estoppel* as a cause of action in itself, it is not within this court's jurisdiction. *Id.*

Jurisdiction in this court must be found in 28 U.S.C. § 1491, *i.e.*, claims against the United States founded upon the Constitution, upon any Act of Congress or the regulation of an executive department, or upon any express or implied contract. 28 U.S.C. § 1491(a)(1). The plaintiff's claim is based on a RAT Travel Order issued under the JTR.

The plaintiff's claim can also be construed to allege that the defendant is equitably estopped to rely on the limitation in the JTR to deny reimbursement for his daughter's expenses in the circumstances of this case. It is accepted that the government can be estopped in appropriate circumstances. *Emeco Industries, Inc. v. United States*, 202 Ct.Cl. 1006, 1015, 485 F.2d 652, 657 (1973). The factual elements necessary for the court to estop the government are: 1) the party to be estopped must know the facts; 2) it must intend that its conduct shall be acted on or must so act that the other party has a right to believe it is so intended; 3) the other party must be ignorant of the true facts; and 4) the other party must rely on the former's conduct to its injury. *Id.; Reichhold Chemicals, Inc. v. United States*, 11 Cl.Ct. 150, 154 (1986); *Pacific Gas & Elec-*

tric Co. v. United States, 3 Cl.Ct. 329, 340 (1983), aff'd, 738 F.2d 452 (Fed.Cir.1984).

■ It is essential to a finding of estoppel against the government were made by officers acting within the scope of their authority. Emeco Industries, 202 Ct.Cl. at 1015, 485 F.2d at 657; Montilla v. United States, 198 Ct.Cl. 48, 64, 457 F.2d 978, 986 (1972). The defendant does not dispute that the government officials who signed Travel Order AD-186 were authorized to sign the Travel Order, but claims that those officials did not have the discretionary authority to waive the requirements of the JTR. The court agrees. The court has found no cases where the acts of government agents have been used affirmatively to estop the government from enforcing properly promulgated regulations. See Montilla, 198 Ct.Cl. at 64, 457 F.2d at 986-87; Schuhl, 3 Cl.Ct. at 211; Biagioli v. United States, 2 Cl.Ct. 304, 308 (1983).

■ Plaintiff cites United States v. Lazy FC Ranch, 481 F.2d 985 (9th Cir.1973) for the proposition that the government may be estopped to disclaim responsibility for the actions of its agents acting improperly under regulations, where justice and fair play so require. Id. at 988. However, the circumstances of Lazy FC Ranch were very different from those in plaintiff's case. In Lazy FC Ranch, the government sued to recover payments made improperly under regulations, and the defendants used equitable estoppel as a defense to that suit. In addition, it was clear there that the government was well aware that the agreements in question were not in accord with the regulations and, in fact, had refused to allow the defendants to terminate the agreements. Id. at 990. In the case at bar, the plaintiff is affirmatively attempting to use estoppel to require the defendant to pay the expenses of his daughter's travel where the mistaken authorization for her travel was an oversight. This is not a case where estoppel is needed to protect basic notions of fairness and prevent a serious injustice. See id. at 989.

B. *Review of Final Administrative Action*

■ To the extent that plaintiff's claim can be characterized as a challenge to the final administrative decision denying reimbursement for the RAT expenses of his daughter, the court may reject the denial of plaintiff's claim only if the decision is arbitrary, capricious, contrary to law, or unsupported by substantial evidence. See Doyle v. United States, 220 Ct.Cl. 285, 311, 599 F.2d 984, 1000 (1979), cert. denied, 446 U.S. 982, 100 S.Ct. 2961, 64 L.Ed.2d 837 (1980); Grant Associates, Inc. v. United States, 11 Cl.Ct. 816, 825 (1987).

Plaintiff's claim was evaluated at each level of administrative review; each decision, however, concluded that payment of the claim for travel expenses of plaintiff's daughter was not permitted by the JTR because she was 21 years old at the time the Travel Order was issued. The court finds no basis in these circumstances on which to hold that the administrative decisions denying reimbursement for the plaintiff were arbitrary, capricious, contrary to law, or unsupported by substantial evidence. On the contrary, the result is reasonable.

C. *Alternative Claim for Relief*

Plaintiff's alternative claim, that he, in any event, is entitled to payment for the amount of constructive transportation of his daughter back to the United States, is not ripe for decision. Defendant alleges, which is undisputed by the plaintiff, that plaintiff has not filed a claim for such payment. This court will allow the agency the opportunity to act on that claim in the first instance, especially where, as here, the defendant does not dispute that the plaintiff is entitled to such benefit.

CONCLUSION

Plaintiff's daughter was 21 years old at the time that RAT was authorized for the plaintiff and his dependents; his daughter thus did not meet the regulatory definition of "dependent," and did not qualify for RAT travel at government expense. The government is not estopped to deny reim-

bursement in the circumstances of this case, and the defendant's actions in denying reimbursement are not arbitrary, capricious, contrary to law, or unsupported by substantial evidence. The plaintiff's alternative claim for relief is not ripe for adjudication and is dismissed without prejudice. The defendant's motion for summary judgment is granted. The clerk will dismiss the complaint. Each party will bear its own costs.